IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES CHRISTOPHER BAKER, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3235 |
| | § | |
| RICK THALER, | § | |
| | § | |
| *Respondent.* | § | |

**MEMORANDUM OPINION AND ORDER**

Charles Christopher Baker, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 challenging his state court conviction for sexual assault of a child. Respondent filed a motion for summary judgment (Docket Entry No. 7), to which petitioner responded. (Docket Entry No. 9.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** summary judgment and **DISMISSES** this case for the reasons that follow.

### I. PROCEDURAL BACKGROUND

Petitioner was convicted in 2004 for the sexual assault of his step-sister and sentenced to five years' incarceration. The conviction was affirmed on appeal. *Baker v. State*, No. 14-04-00373-CR, 2005 WL 1772192 (Tex. App. – Houston [14th Dist.] 2005, no pet.).

Petitioner did not seek discretionary review. The Texas Court of Criminal Appeals denied petitioner's application for state habeas relief without a written order.

By the instant federal habeas petition, petitioner challenges the sufficiency of the evidence and the performance of his trial counsel. Respondent argues that petitioner's claims are unexhausted and procedurally barred, and are without merit.

## II. STANDARDS OF REVIEW

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(C). A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir. 2000). The Supreme Court recognizes that facts must be viewed in the light most favorable to the nonmoving party at the summary judgment stage only if there is a genuine dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Further, this pending habeas petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under

the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying

factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller-El*, 537 U.S. at 330-31; 28 U.S.C. § 2254(e)(1).

In the instant case, the state trial court denied habeas relief and entered a general finding adopting the State's answer to the habeas application. *Ex parte Baker*, p. 58. The Texas Court of Criminal Appeals denied petitioner's state application for habeas relief without a written order.

### III. ANALYSIS

#### A. Insufficiency of the Evidence

Petitioner challenges the sufficiency of the evidence to support his conviction for the sexual assault of his step-sister.[1] On federal habeas review, the evidentiary sufficiency of a state court conviction is governed by the legal sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), which reflects the federal constitutional due process standard. *See Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002); *see also West v. Johnson*, 92 F.3d 1385, 1394 (5th Cir. 1996) (explaining that, in challenges to state convictions under section 2254, only *Jackson* need be satisfied, even if state law would impose a more demanding

---

[1] Petitioner argues that the evidence is insufficient because he "was convicted of hearsay testimony of Shelly [Ortiz]. There was no physical evidence other than Ortiz['s] hymen not being entact (sic) and the evidence of the pornographic tapes that Ortiz stated that the applicant made her watch after he put them in the vcr. No fingerprinting was done to prove this fact, nor could the examining doctor conclusively state that Ortiz had been sexually assaulted." (Docket Entry No. 1, p. 7.)

4

standard of proof). This standard requires only that a reviewing court determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. In conducting that review, a federal habeas court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict. *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995).

Petitioner did not challenge the sufficiency of the evidence on direct appeal. However, the state court of appeals set forth the following statement of facts in its opinion affirming the conviction:

> Appellant's father and [the victim's] mother married in 1999. That same year, [the victim] moved to Las Vegas, Nevada to live with her mother, stepfather, and appellant. [She] was twelve at the time; appellant was sixteen. Appellant allegedly sexually assaulted [the victim] numerous times in Las Vegas, raping her, forcing her to watch pornography with him, and forcing her to perform oral sex on him.
>
> In November of 2000, [the victim] and her mother left Nevada and moved to Texas. The sexual assaults abated from that time until December of 2001, when appellant once again took up residence with the family. The first of the Texas assaults allegedly began when appellant forced [the victim] to perform oral sex on him in a vehicle. At that time, [the victim] was fifteen years old. After that incident, appellant continued to force her to watch pornography and/or have sex with him. The Texas assaults ended in February of 2002, when [the victim] and her mother moved out of the house. [The victim's] mother and stepfather later divorced.
>
> In April of 2002, while receiving treatment at a mental health facility, [the victim] told a worker at the facility that she had been sexually assaulted by

>appellant. She later testified that she had told no one for fear of what her stepfather might do to her mother. Appellant was arrested, indicted, and after a three-day jury trial, found guilty of sexual assault of a child. The jury sentenced him to five years in prison.

*Baker*, 2005 WL 1772192 at *1 (footnote omitted). Petitioner challenged the sufficiency of the evidence on state collateral review, but the trial court and Texas Court of Criminal Appeals rejected his claim. *Ex parte Baker*, p. 58 and at cover.

To obtain a conviction for sexual assault of a child, the State must prove that the defendant intentionally or knowingly "cause[d] the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor[.]" TEX. PENAL CODE § 22.011(a)(2)(C). At trial, petitioner's step-sister described numerous episodes of sexual assault by petitioner whereby she was forced to perform oral sex or have sexual intercourse with him.

First and foremost, the testimony of a sexual assault victim alone is sufficient to support a conviction under Texas law, even if the victim is a child. *See* TEX. CODE. CRIM. PROC. art. 38.07; *see also Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App. – Dallas 1994, no pet.). The unsophisticated language of a child is sufficient to support a conviction as long as the child victim has sufficiently communicated to the trier of fact that the offensive sexual touching occurred to a part of the body within the definition of section 21.01 of the Texas Penal Code. *Clark v. State*, 558 S.W.2d 887, 889 (Tex. Crim. App. 1977); *see Gallegos v. State*, 918 S.W.2d 50,

54 (Tex. App. – Corpus Christi 1996, pet. ref'd). The testimony of a child victim of sexual abuse is given wide latitude by the courts and the description of the sexual abuse need not be precise or explicit. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Given this latitude, no requirement exists that physical, medical, or other evidence be proffered to corroborate the victim's testimony. *Garcia*, 563 S.W.2d at 928. Nevertheless, the descriptive testimony of petitioner's step-sister in the instant trial was precise and included proper anatomical terminology, sufficient to establish sexual contact by petitioner as defined in section 21.01 of the Texas Penal Code.

This Court has reviewed petitioner's insufficiency claim and finds it without merit. The factual findings set forth by the state court of appeals are sufficient to support the conviction. Further, this Court's independent review of the record reveals sufficient evidence to support the conviction and refute petitioner's legal sufficiency challenge. Viewing the evidence in the light most favorable to the verdict, and assuming the fact finder resolved any conflicts in favor of the verdict, this Court finds that any rational trier of fact could have found beyond a reasonable doubt all of the essential elements of the offense of sexual assault of a child.

Petitioner fails to show that the state court's denial of habeas relief was contrary to clearly established federal law as determined by the Supreme Court or was an unreasonable determination of the facts based on the evidence in the record. Petitioner's habeas claim is without merit and respondent is entitled to summary judgment dismissing this claim.

B.     Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

8

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

In the instant habeas petition, petitioner asserts ineffective assistance of counsel as follows:

> Applicant['s] trial attorney failed to call as a witness, or even to consult in preperation (sic) for trial and cross-examine (sic) of the prosecution['s] wittnesses (sic), any medical expert on child sexual [illegible] abuse. Counsel essentually (sic) conceeded (sic) that the physical evidence was indicative of sexual penetration without conducting any investigation to determine whether this was the case. The only other evidence against applicant was the fingerprints that should have been on the tapes but was never tested for or even questioned by the defence (sic) counsel. Defence (sic) attorney failed to consult with a fingerprint expert before trial or even request one allowing the prosecution['s] case to be uncontested.

(Docket Entry No. 1, p. 7.)

To prevail on his claim that counsel failed to consult with or present any rebuttal or defense expert witnesses, petitioner must present probative summary judgment evidence of, or otherwise show in the record, the anticipated or probable testimony of such witness, that

9

the witness was available for trial, and that he would have testified in favor of petitioner. As recently noted by the Fifth Circuit Court of Appeals in *Day v. Quarterman*,

> This Court has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. We have required this showing for claims regarding uncalled lay and expert witnesses alike. *See, e.g., Evans v. Cockrell*, 285 F.3d 370, 377-78 (5th Cir. 2002) (rejecting uncalled expert witness claim where petitioner failed to present evidence of what a scientific expert would have stated)[.]

566 F.3d 527, 538 (5th Cir. 2009) (citations omitted). Under *Strickland*, petitioner must show that, but for counsel's failure to call the omitted witness, there is a reasonable probability that the result of the trial would have been different.

By doing nothing more than pointing out that no rebuttal or other expert witness testified for the defense at trial, petitioner meets none of these requirements. Petitioner establishes neither deficient performance nor prejudice, and fails to demonstrate ineffective assistance of counsel.

Nor does petitioner establish that counsel was ineffective in failing to investigate or prepare for trial. A defendant who alleges a failure to investigate by his trial counsel must show with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

The evidence must have been made known to defense counsel by petitioner (if otherwise unknown to counsel), and must have been specific, admissible, and significant in order for counsel's failure to investigate to be constitutionally deficient. *Carter v. Johnson*, 131 F.3d 452, 465 (5th Cir. 1997). Further, the additional information must be significant enough to alter the outcome of the trial. In order to satisfy the prejudice prong of *Strickland*, a defendant must show more than the mere possibility of a different outcome. He must present evidence of sufficient quality and force to raise a reasonable probability that, had it been presented to the jury, the outcome would have been different. *United States v. Drones*, 218 F.3d 496, 504 (5th Cir. 2000).

Petitioner presents no probative evidence, and none appears in the record, establishing what investigations and trial preparation trial counsel did, or did not, undertake. Nor does petitioner establish what any specific additional investigation or trial preparation would have accomplished, or that he was prejudiced by counsel's purported deficiencies; that is, petitioner fails to demonstrate a reasonable probability that a specific additional investigation or trial preparation would have made a difference to the result of his trial. *Strickland*. Petitioner's conclusory assertions are insufficient to overcome the strong presumption that counsel's representation falls within the wide range of reasonable professional assistance, and he shows neither deficient performance nor prejudice. *See Strickland*, 466 U.S. at 689.

Petitioner fails to show that the state court's denial of habeas relief was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination

of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment on the issue of ineffective assistance of trial counsel.

## IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 7) is **GRANTED**. The petition for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 30th day of October, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE